Brady, J.
The order of reference was applied for upon an affidavit, in which it was stated by Mr. Morgan, one of the plaintiff’s attorneys, that the action was brought for an accounting by the defendant in respect to moneys received by him as treasurer of the plaintiff, and to recover such moneys as upon the accounting should be found to be due, but that the trial would necessarily involve the taking and stating of a long account. The allegations contained in the complaint lead to that conclusion. The defendant is charged with the receipt of large sums of money as treasurer of the plaintiff, being the proceeds of subscriptions to its capital stock, the sale of gold and silver ore and bullion, the product of its mines and of loans made to it by various persons, the total amount whereof exceeded the sum of |l00,000. It is true that there are allegations that he deposited and commingled those moneys with his own, and that he wrongfully paid out and applied large sums of money in his hands, and that he retained and converted to his own use other large sums without the authority, direction, sanction or knowledge of the plaintiff.
But these allegations did not change the character of the action, the gravamen' of which is the receipt of money and property which has not been accounted for, and the statement of which it is the right undoubtedly of the plaintiff to demand. When it appears from the action that the defendant is rightfully in possession of' money or property, either in a fiduciary capacity or otherwise, in accord with the provisions of an agreement, contract or arrangement, made with the plaintiff, and an action is brought for an accounting, additional allegations charging conversion or wrongful appropriation to his own use are mere' surplusages and maybe disregarded. Segelken v. Meyer, 94 N. Y., 473; Dilmar v. Shall, 61 id., 56.
*527 For these reasons, the order appealed from should be affirmed.
Daniels, J., concurs._